WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sean Christopher Steward,<br><br>    Movant/Defendant,<br><br>v.<br><br>USA,<br><br>    Respondent/Plaintiff. | No. CV-15-00578-PHX-JAT<br>    CR-11-126-PHX-JAT<br><br>**ORDER** |

    Pending before the Court is Movant's motion to vacate, set aside or correct sentence. The Magistrate Judge to whom this case was assigned issued a Report and Recommendation (R&R) (Doc. 6[1]) recommending that the motion be denied. Movant filed objections to the R&R. (Doc. 7).

    This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original).

    In this case, Movant raises one theory of ineffective assistance of counsel against both his trial counsel and his appellate counsel. R&R at 4. Specifically, Movant claims that both counsel were ineffective for failing to argue that Movant's sentence on Count 1 and Count 38 (the only counts to which Movant pled guilty) could not run consecutively.

---

[1] All citations are to CV 15-578 unless otherwise noted.

1  *Id*. Movant's theory is that running the sentence on these two Counts consecutively is
2  multiplicitous and cumulative. *Id*.

3  The R&R discusses the standard for ineffective assistance of counsel claims at
4  pages 4-5, and Movant does not object to this recitation of the controlling law.
5  Accordingly, it is accepted and adopted.

6  The R&R discusses the standard for double jeopardy claims at page 5-7, and
7  Movant does not object to this recitation of the controlling law. Accordingly, it is
8  accepted and adopted. Specifically, consecutive sentences on two counts do not run afoul
9  of the double jeopardy clause if each count requires proof of a fact that the other does not.
10 (R&R at 6).

11  The R&R concludes that Movant's sentence was not multipicitous (and did not
12 violate the double jeopardy clause) because the two counts to which Movant pled guilty
13 have different elements. (R&R at 6 (reciting the elements of making false statements in
14 connection with the acquisition of a firearm (Count 38) and conspiracy (Count 1)) (*citing*
15 *Blockburger v. United States*, 284 U.S. 299 (1932); *United States v. Arbalaez*, 812 F.2d
16 530, 533-34 (9th Cir. 1987)). Thus, the R&R further concludes that counsel was not
17 ineffective for not making a legally incorrect argument. (R&R at 8-9).

18  Movant objects and argues that the conspiracy to which he pled guilty had only
19 one object. (Objections at 2-16). Even if Movant's objection is correct, it does not make
20 his consecutive sentences improper under the double jeopardy clause. Accordingly, the
21 objection is overruled.

22  Based on the foregoing, the Court agrees with the R&R that Movant's consecutive
23 sentences did not violate double jeopardy; thus, his counsel was not ineffective for not
24 making such an argument. Accordingly,

25  **IT IS ORDERED** that the R&R (Doc. 6) is accepted and adopted. The
26 Objections are overruled (Doc. 7). This case is dismissed with prejudice and the Clerk of
27 the Court shall enter judgment accordingly.

28  **IT IS FURTHER ORDERED** pursuant to Rule 11 of the Rules Governing

1 Section 2255 Proceedings, in the event Movant files an appeal, the Court denies issuance
2 of a certificate of appealability and leave to proceed in forma pauperis on appeal because
3 Movant has not made a substantial showing of the denial of a constitutional right.
4    Dated this 18th day of April, 2016.

*James A. Teilborg*
Senior United States District Judge